The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between the plaintiff and defendant employer.
3. At such time, defendant employer was self-insured.
4. At such time, plaintiff's average weekly wage was $370.50, yielding a compensation rate of $247.01.
5. The alleged date of injury is 23 April 1991.
6. Plaintiff was out of work from 25 June 1992 to 12 August 1992.
7. Medical records and reports from Drs. McBride and Naso are received into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner as finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this case, plaintiff was a 56 year old, right hand dominant female.
2. On 23 April 1991, plaintiff was employed as an office assistant in defendant employer's waste water collection department, and had been so employed since June of 1985. Plaintiff's job duties as office assistant consisted of computing, entering, and verifying the accuracy of, cost figures on daily job reports and transferring these figures on a weekly basis into a "master attendance log" — a task which took two and one-half to three hours per day and required use of a calculator and mechanical pencil; executing "locates" — a task which took 30 to 45 minutes per day and required answering the phone and writing down addresses; performing receptionist duties — a task which required answering the phone and occasionally writing down phone messages; and dispatching — a task which took approximately one hour per day and required writing down certain job code numbers. Plaintiff's hours of work were Monday through Friday 7:00 a.m. to 3:30 p.m., which include a 30 minute lunch break and two shorter breaks.
2. In January 1991, plaintiff began experiencing numbness and pain in her right hand which over time progressively worsened, for which she was seen and treated by Dr. McBride, beginning 23 April 1991.
3. Plaintiff has right carpal tunnel syndrome for which she underwent a right carpal tunnel release on 25 June 1992. As a result of her right carpal tunnel syndrome and resulting surgery, plaintiff still has pain in her right wrist and has an eight percent permanent partial disability to her right hand.
4. The Full Commission gives greater weight to the opinion of Dr. McBride, who has from the beginning treated plaintiff on an ongoing basis, rather than the opinion of Dr. Naso, who has only seen plaintiff twice in almost a two year period.
5. The Full Commission further agrees with the position of Dr. McBride on the issue of causation. Plaintiff's job required her to use her right hand to write, type or operate the calculator for four to six hours per day, five days per week, over a period of a year.
6. The evidence in the record has established that plaintiff contracted an occupational disease, right carpal tunnel syndrome, due to causes and conditions resulting from her employment with defendant employer.
7. In addition, Dr. McBride's testimony has established that plaintiff's employment with defendant employer placed her at an increased risk of developing right carpal tunnel syndrome.
8. As a result of her carpal tunnel syndrome, plaintiff has an 8% permanent partial impairment to her right hand.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has contracted and developed carpal tunnel syndrome of the right hand, an occupational disease which is due to causes and conditions characteristic of and peculiar to her employment with defendant employer, and which are not ordinary diseases of life to which the general public is equally exposed outside of this employment. N.C.G.S. § 97-53 (13); Booker v. DukeMedical Center, 297 N.C. 458 (1979).
2. Plaintiff's average weekly wage on or about April 23, 1991 was $370.50. N.C.G.S. § 97-2 (5).
3. Plaintiff is entitled to temporary total disability compensation at the rate of $247.01 per week, for 7 weeks, commencing June 25, 1992 and continuing until August 12, 1992. Such compensation has accrued and shall be paid to plaintiff in lump sum. N.C.G.S. § 97-29.
4. Plaintiff is entitled to permanent partial disability compensation at the rate of $247.01 per week, for 16 weeks. Such compensation has accrued and shall be paid to plaintiff in lump sum. N.C.G.S. § 97-31 (12).
5. Defendant shall pay all medical expenses arising out of plaintiff's occupational disease to the extent said treatment tends to effect a cure, give relief or less plaintiff's period of disability, when the same have been submitted to, and approved by, the Commission. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $247.01 per week for 7 weeks, from June 25, 1992 until August 12, 1992. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay to plaintiff permanent partial disability compensation at the rate of $247.01 per week, for 16 weeks, for her 8% permanent partial disability rating to her right hand. This compensation has accrued and shall be paid in a lump sum of $3,952.16, subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this occupational disease when bills for the same have been submitted to, and approved by, the Commission.
4. An attorney's fee in the amount of 25% of the compensation awarded herein is hereby approved for plaintiff's counsel. Such compensation has accrued and shall be deducted from the amount owed plaintiff, and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due this Commission.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 3/24/95